ORIGINAL


FILED

08/13/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0452

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0452

DONALD R. SAGE,

Petitioner,

v.

MONTANA DEPARTMENT OF
CORRECTIONS, and JIM SALMONSEN,
Warden,

Respondents.

ORDER

FILED

AUG 1 3 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Donald R. Sage has filed a petition for a writ of habeas corpus, alleging that "his questionable Department of Corrections (DOC) sentence . . . [is] clearly outside statutory mandates under" § 46-18-201(3)(a)(iv)(A), MCA (2017), which requires that all but the first five years of a DOC commitment be suspended. Sage contends that he entered a guilty plea under a "false promise" and that the State's prosecuting attorney "breached their own contract agreement." He requests that his sentence be overturned because it is five-years overlength for a DOC sentence. Sage concludes that he "clearly has proven a facially invalid sentence . . ." due to the five-year mandate. He requests his release next month.

This Court is familiar with Sage's recent sentencing history. On August 19, 2020, the Third Judicial District Court, Anaconda-Deer Lodge County, committed Sage to the DOC for placement in the Montana State Prison for a twenty-year term with ten years suspended for one felony count of indecent exposure to a minor, pursuant to § 45-5-504(1)(a), (1)(b), (3)(a), (3)(b), MCA (2017). In accordance with the parties' plea agreement, the State moved to dismiss eight other felony counts for sexual offenses, which the District Court granted. The court designated Sage as a Level 3 Sexual Offender.

Through counsel, Sage appealed. He raised two issues concerning the plea agreement. *State v. Sage*, No. DA 21-0186, 2023 MT 75N, ¶ 14, 2023 Mont. LEXIS 452.

He argued that his trial attorney provided ineffective assistance by not understanding that the plea agreement's silence on the matter of parole prevented Sage from withdrawing his plea in the event the court imposed a parole restriction. Sage also contended that the prosecutor undercut the plea agreement by using inflammatory descriptions of Sage, "only giving lip service to the bargained-for sentence." *Sage*, ¶ 14. This Court concluded that because the record did not establish whether his counsel acted ineffectively, Sage could pursue a claim about the effectiveness of counsel in a postconviction proceeding in the District Court, where the record would be more developed. *Sage*, ¶¶ 21-22.

We further concluded "that the State did not breach the plea agreement when it advocated for the District Court to adopt the recommended sentence . . . ." *Sage*, ¶ 30. We pointed out that:

> The explicit terms of the plea agreement establish that Sage received what the State promised to recommend: a twenty-year commitment to the Montana State Prison with ten years suspended. The State did not undermine this recommendation when it strongly advocated for the court to adopt the plea agreement rather than Sage's request for a probationary sentence. []

*Sage*, ¶ 28 (citation omitted). Sage presented no false promise then or now.

Sage has a valid sentence under Montana law. The District Court did not commit him to the Department of Corrections under § 46-18-201(3)(a)(iv)(A), MCA (2017). He was instead sentenced under § 46-18-201(3)(a)(iii), MCA (2017), which provides that a sentencing judge may impose "a term of incarceration, as provided in Title 45 for the offense, . . . at a state prison to be designated by the department of corrections." This subsection contains no mandate for suspension after five years. Pursuant to § 45-5-504(3)(b), MCA (2017), a court may sentence a person convicted of indecent exposure to a minor to a term of not less than four years or more than 100 years, "unless the judge makes a written finding that there is good cause to impose a term of less than 4 years." Here, the court imposed a twenty-year prison term with ten years suspended based on the plea agreement, Sage's history, and statutory authority.

2

Sage has not demonstrated a facially invalid sentence. Section 46-22-101(1), MCA. Nor may he challenge his conviction through a petition for habeas corpus after he appealed in 2021, thereby exhausting the remedy of appeal. Section 46-22-101(2), MCA.

IT IS THEREFORE ORDERED that Sage's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Donald R. Sage personally.

DATED this 13 day of August, 2024.

_____
Chief Justice

_____

_____

_____
Justices

3